NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0480n.06

No. 10-3776

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | **May 08, 2012** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MICHAEL DETCHER, | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: KETHLEDGE and STRANCH, Circuit Judges; GWIN, District Judge.[*]

KETHLEDGE, Circuit Judge. Michael Detcher pled guilty to two federal crimes: possession of child pornography in violation of 18 U.S.C. § 2252(a)(4) and (b)(2); and sexual abuse of a child within the "special maritime and territorial jurisdiction of the United States" in violation of 18 U.S.C. § 2241(c). He initially appealed both of his convictions, but abandoned his challenge to the child-pornography offense at oral argument. Detcher argues, however, that the Ohio district court lacked subject-matter jurisdiction over the sexual-abuse offense because it occurred on a U.S. Army base in Germany. Detcher raised this argument for the first time on appeal. We remand for the district court to determine in the first instance whether it has merit.

---

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

A prior panel of this court has held that the question whether a crime is committed within the "special maritime and territorial jurisdiction of the United States" is a question of subject-matter jurisdiction. *See United States v. Gabrion*, 517 F.3d 839, 845 n.5 (6th Cir. 2008). Thus, the fact that Detcher did not make his jurisdictional argument below does not release us from our duty to determine the issue. *See United States v. Cotton*, 535 U.S. 625, 630 (2002).

Section 2241(c) criminalizes certain egregious forms of child sexual abuse committed "in the special maritime and territorial jurisdiction of the United States." That phrase is defined in 18 U.S.C. § 7(3) as including "lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof." Detcher claims that the base where he committed his crimes is not within the statute's reach, for two reasons.

First, he argues, the statute does not apply extraterritorially; it only reaches lands that the federal government owns within the territorial United States. There is a circuit split on this issue. *Compare United States v. Gatlin*, 216 F.3d 207, 210–23 (2d Cir. 2000) (agreeing) *with United States v. Erdos*, 474 F.2d 157, 159–60 (4th Cir. 1973) (disagreeing) *and United States v. Corey*, 232 F.3d 1166, 1170–76 (9th Cir. 2000) (same).

Second, Detcher argues that, even if the statute reaches some areas outside of United States territory, the German base is not among them. Detcher contends that the crime he committed on the German base is not within the United States's "exclusive or concurrent jurisdiction" because Germany has not ceded any jurisdiction to the United States civilian courts to try crimes committed there. Detcher's contention rests on the Status of Forces Agreement between our country and

Germany. The Agreement, he says, permits his trial—if at all—only in military court. *See United States v. Morton*, 314 F.Supp.2d 509, 513–15 (D. Md. 2004).

In *Gabrion*, upon noticing that the district court might have lacked jurisdiction to try the criminal defendant, we first remanded to the district court for an initial determination whether the defendant committed his crime within the "special maritime and territorial jurisdiction of the United States." *See Gabrion*, 517 F.3d at 844. We likewise do so here. The district court is far better equipped than we are to develop a record regarding the facts relevant to interpretation of the Status of Forces Agreement.

We therefore vacate the district court's judgment as to Count I and remand to the district court for it to consider Detcher's jurisdictional challenge. We affirm the district court's judgment as to Count II.